UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CYNTHIA McEANEY,

                        Plaintiff,

     vs                                                 6:05-CV-493

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                      OF COUNSEL:

CYNTHIA McEANEY
Plaintiff Pro Se
11 Rosedale Court
New Hartford, New York 13413

HON. GLENN T. SUDDABY                    WILLIAM H. PEASE, ESQ.
United States Attorney for the                 Assistant U.S. Attorney
Northern District of New York
Attorney for Defendant
100 South Clinton Street
P. O. Box 7198
Syracuse, New York  13261-7198

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

       Plaintiff commenced this action seeking judicial review of a decision by the Commissioner of Social Security denying plaintiff's application for Social Security disability insurance benefits ("DIB").  The Commissioner seeks to affirm the decision and has moved for judgment on the pleadings.  This Court has jurisdiction to review an unfavorable decision of the Commissioner under 42 U.S.C. § 405(g).  This Court finds that the Administrative Law

Judge ("ALJ") failed to apply the proper legal standards to the evidence in the record and remands the case for further consideration.

## I. PROCEDURAL HISTORY

Plaintiff applied for supplemental security income ("SSI") on September 19, 2003, alleging disability due to ulcerative colitis, hypoglycemia, and pancreatitis, with a disability onset date of November 2, 1997.  (R. at 46-48, 55, 62-66).  This application was denied initially, and plaintiff requested an ALJ hearing which was held on July 13, 2004.  (R. at 23-27, 134-88).  On September 22, 2004, the ALJ issued a decision finding that plaintiff was not disabled.  (R. at 13-18).  This decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on February 25, 2005.  (R. at 4-7).

On September 20, 2006, plaintiff filed a complaint in the United States District Court for the Northern District of New York pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision.  (Dkt. No. 1).  The Commissioner answered on January 9, 2007.  (Dkt. No. 6).  Pursuant to General Order 18, plaintiff was required to file a brief in this action by October 24, 2007.  However, plaintiff failed to timely file a brief, and on October 16, 2007, Senior United States District Judge Howard G. Munson issued an Order directing plaintiff to file a brief by December 17, 2007 or have her appeal considered without the benefit of her arguments.  (Dkt. No. 16).  That deadline has passed without plaintiff timely filing a brief.  On February 5, 2008, this case was reassigned from Senior Judge Munson to the undersigned.  (Dkt. no. 17).

## II. FACTS

The evidence in this case is undisputed and the court adopts the factual recitation contained in the defendant's brief.  (See Def.'s Br. at 3-7).

### III. STANDARD OF REVIEW

A court examining a denial of disability benefits must undertake a two-step review. First, a court must determine whether the administrative law judge applied the correct legal standards. Rosado v. Sullivan, 805 F. Supp. 147 (S.D.N.Y. 1992) (*citing* Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). Second, a court must decide whether the ALJ's findings of fact are supported by substantial evidence. 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).

The substantial evidence standard presents a low threshold. Substantial evidence is evidence that a reasonable person would find adequate to support a conclusion. Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988)(*citing* Richardson v. Perales, 402 U.S. 389, 401 (1971)). There need not be a preponderance of evidence. Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982). A reviewing court may find substantial support although there is contradictory evidence permitting conflicting inferences. Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999)(*citing* Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983)). Indeed, under this standard, the same body of evidence may adequately support contradictory findings. Schauer, 675 F.2d at 57. A reviewing court may not examine the evidence *de novo* or substitute its own interpretation for that of the ALJ. Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

The opinion of a treating physician is entitled to controlling weight if the opinion is supported by objective medical findings and not contradicted by substantial evidence in the record. 20 C.F.R. § 1527(d)(2); Carroll v. Sec'y of Health and Human Servs., 705 F.2d 638, 642 (2d Cir. 1983). However, the evaluations of non-examining State agency medical and

psychological consultants may constitute substantial evidence.  See Schisler v. Sullivan, 3 F.3d 563, 568 (2d Cir. 1993)(holding that opinions of non-examining physicians are substantial evidence if they are in turn supported by evidence in the record).  An ALJ must treat such evaluations as expert opinion evidence of non-examining sources.  Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *1; 20 CFR 404.1527(f).  This treatment extends to consultants' RFC assessments.  SSR 96-6p, at *4.  State agency consultants are experts in evaluating the medical issues of disability claims.  Id. at *2.  However, because such consultants do not have a treating relationship with the claimant, and because they might be unduly influenced by institutional demands, the ALJ gives their opinions weight only insofar as the record supports.  Id. at *3.

## IV.  DISCUSSION

### A.  Governing Law

Under the Social Security Act, an individual is disabled if he or she is unable to engage in "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  Id. at 423(d)(1)(A).

To determine whether an individual is disabled under the Act, the Commissioner undertakes a five-step analysis.  First, the Commissioner decides whether the applicant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  If not, the Commissioner considers whether the applicant has a "severe" impairment that significantly limits his or her ability to do "basic work activities."  Id. at § 404.1520(a)(4)(ii), 404.1520(c).

If the applicant alleges more than one impairment, the Commissioner must individually evaluate each impairment for severity. See id. at § 404.1520(a)(4). However, an ALJ's failure to make specific findings as to each impairment is harmless error if the record clearly reflects that the ALJ has considered each impairment before deciding that the applicant's condition is not severe. See Smith v. Sullivan, 726 F. Supp. 261 (D. Neb. 1989).

Third, if the Commissioner finds that an individual's impairment or combined impairments are severe, the Commissioner next determines whether these limitations meet or equal the impairments listed in Appendix 1 of the Regulations. 20 C.F.R. § 404.1520 (a)(4)(iii). If an impairment meets or equals one of the listings, the Commissioner considers the applicant to be disabled. Id. If not, the Commissioner then considers the applicant's residual functional capacity ("RFC")[1] and whether he or she can still do past relevant work. Id. at § 404.1520(a)(4)(iv).

In determining an individual's residual functional capacity, the Commissioner must consider objective medical evidence, including medical facts, diagnoses, and opinions. Id. at § 404.1545(a)(3). A decision must also account for the applicant's testimony, including an individual's description of his symptoms such as pain. Id.; see also Charlebois v. Comm'r, No. 02 Civ. 686, 2003 WL 22161591, at *8 (N.D.N.Y. Sept. 12, 2003). The Commissioner must offer substantial evidence of every physical demand listed in the regulations to demonstrate that an individual can perform the full range of work at a particular physical

---

[1] The Act defines "residual functional capacity" as follows: "Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is what you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The Commissioner particularly focuses on whether the individual meets physical exertional requirements of sedentary, light, medium, heavy, or very heavy work. 20 C.F.R. § 404.1567.

level. See Charlebois, 2003 WL 22161591, at *8; LaPorta v. Bowen, 737 F. Supp. 180, 183 (N.D.N.Y. 1990).

The applicant bears the initial burden of proving that he or she is disabled within the meaning of the Social Security Act.  42 U.S.C. § 423(d)(5)(A); Reyes v. Sec'y of Health and Human Servs., 807 F. Supp. 293, 298 (S.D.N.Y. 1992).  The applicant carries this burden by proving the first four steps of the analysis.  Rivera v. Schweiker, 717 F.2d 719, 722 (2d Cir. 1983).  Once an individual has proved that an impairment prevents him or her from returning to previous work, the burden shifts to the Commissioner to prove that there exists other work in the national economy to which the applicant can adjust despite his or her limitations.  20 CFR § 404.1520(a)(4)(v); see Rivera, 717 F.2d at 722–23; Reyes, 807 F. Supp. at 298.  Such work must exist in significant numbers in the national economy.  20 CFR § 404.1560(c).  To determine whether other work exists to which a individual can adjust, the Commissioner considers an individual's RFC together with the individual's age, education, or work experience.  Id. at § 404.1560(b)(3).  If an individual is not capable of adjusting to other work, the individual is disabled.  Id. at § 404.1520(a)(4)(v).  If an individual is capable of adjusting to other work, such individual is not disabled.  Id.

To prove that other work is available, the Commissioner may, under appropriate circumstances, rely on the Medical-Vocational Guidelines included in Appendix 2 of Subpart P of section 404.  Grey v. Chater, 903 F. Supp. 293, 297–98 (N.D.N.Y. 1995).  The Guidelines account for the applicant's residual functional capacity, age, education, and work

experience.[2]  Comparing these factors, the Guidelines indicate whether substantial gainful work exists to which the applicant can adjust.

The Guidelines are generally dispositive on the disability decision.  Grey, 903 F. Supp. at 298.  If the Guideline factors accurately describe an applicant's mental and physical condition, the Commission may rely exclusively upon these factors.  Id.  The Guidelines accurately describe an applicant's condition if substantial evidence supports the Commissioner's finding that the applicant can fully perform the exertional requirements of the work.  See id. at 299–302 (ordering remand because evidence did not support that the applicant could stand for two hours of a workday); see also Nelson v. Bowen, 882 F.2d 45, 49 (2d Cir. 1989).  If not, the Commissioner must call a vocational expert to testify whether other work exists that the applicant can perform within his limitations.  See Nelson, 882 F.2d at 45.

**B. Analysis**

As noted above, plaintiff has filed no brief in this action, and thus has made no specific legal challenges to the validity of the Commissioner's decision.  Therefore, the decision will be evaluated for compliance with the appropriate legal standards and basis in substantial evidence of record.  See Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002).

Again, an ALJ is required to follow the five-step sequential evaluation process for social security disability claims.  20 C.F.R. § 404.1520; Berry v. Schweiker, 675 F.2d 464,

---

[2] The Guidelines classify work by five different categories—sedentary, light, medium, heavy, and very heavy—based upon the physical exertional requirements of that work.  20 C.F.R. Part 404, Subpart P, App'x 2.  The Commissioner will place an individual into one of these categories based on his or her residual functional capacity.  Id. § 200.00(a).  The Commissioner then considers the applicant's age, education, and previous work experience to determine whether her or she is disabled.  Id.

467 (2d Cir. 1982). In this case, the ALJ properly followed the five-step analysis. (R. at 14-16). The ALJ found that, at the first step, plaintiff had not engaged in substantial gainful activity since September 19, 2003. (R. at 14). At the second step, the ALJ found that plaintiff's ulcerative colitis and Crohn's disease were "severe" impairments under the regulations. (R. at 14).

At the third step, the ALJ found that none of plaintiff's impairments met or equaled one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). (R. at 14). In so doing, the ALJ made the following RFC finding: "[Plaintiff] can perform light exertional activity, but . . . she should avoid exposure to dangerous machinery and unprotected heights, . . . she should be allowed brief, unscheduled access to a restroom, and . . . be allowed to wear an incontinence protection pad if necessary." (R. at 16). In the findings section of the decision, the ALJ rephrased his RFC determination thus: "[Plaintiff] has the [RFC] to perform the physical exertion and non-exertional requirements of work except for work above the light exertional level, work that requires exposure to dangerous machinery or unprotected heights, work that does not allow brief unscheduled access to a restroom, and work that does not allow the wearing of an incontinence protection pad as needed." (R. at 17).

At the fourth step of the disability analysis, the ALJ observed that plaintiff had no past relevant work experience, and therefore could not perform past work. (R. at 16). At the fifth step, the ALJ relied on the testimony of a vocational expert ("VE"), and determined that plaintiff could perform other work existing in significant numbers in the national economy, specifically as a housekeeper, general office clerk, receptionist, and marker. (R. at 17-18).

Upon review of the record, it is clear that the ALJ failed to apply the proper legal standards when reaching his RFC determination in the third step. "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, *Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, *1 (S.S.A. 1996); see also Verginio v. Apfel, 1998 WL 743706, *3 (N.D.N.Y Oct. 23, 1998); LaPorta v. Bowen, 737 F. Supp. 180, 183 (N.D.N.Y 1990). The ALJ made the conclusory finding that plaintiff could perform light work, without first providing a function-by-function assessment of plaintiff's capacities. This failure to provide a function-by-function assessment was in contravention of SSR 96-8p as well as the applicable regulations. See 20 C.F.R. § 416.945. Regardless of whether substantial evidence supported the ALJ's determination, where "reasonable basis for doubt exists as to whether correct legal principles were applied, the ALJ's decision may not be affirmed." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987). Thus, remand must be ordered for a proper evaluation of plaintiff's RFC.

## V. CONCLUSION

Therefore, it is

ORDERED, that

1. The final decision of the Commissioner of Social Security is REVERSED; and

       2.  The case is REMANDED for proper evaluation of plaintiff's residual functional capacity.

       IT IS SO ORDERED.

Dated:   March 10, 2008
         Utica, New York.

_____
United States District Judge